Cardozo, J.
The appeal in this case is founded upon a total misapprehension of the practice in respect to feigned issues. Whether the issues in this action be tried by the court or by a jury, is not, in my judgment, very important; but it is of the highest importance that a rule of equity practice which has prevailed ever since the court of chancery had its existence should not be upturned to gratify a prejudice against an individual. Ever since “feigned issues” were ordered, the question whether they should be allowed or not has been held to be addressed to the discretion of the chancellor; and being a matter of discretion, the granting or withholding of an order for an issue cannot be reviewable (2 Dan. Ch. Pr., 4 ed., 1347).
Indeed, finally, upon the argument the plaintiff’s counsel was driven to admit that the granting or refusing the application was not reviewable ; but he claimed that when an issue was ordered, if it were not such as the counsel conceded to be right, then there might be an appeal. But the error of this is in supposing that the counsel have anything to do with the question except by way of suggestion, of what the chancellor will try himself, and what he will take the judgment of a jury upon. The whole matter is one for the judge’s own “ conscience” — the sole object of the jury trial being to inform his “conscience” upon a point as to which he desires information. *154 To allow an appeal would be to produce the absurdity of saying that an appellate court shall tell the chancellor that it knows better than he did what the point was upon which he wanted to be assisted by a jury. In an equity case—except a suit for divorce—a jury trial is not a matter of right. The judge may try all the issues, or he may, either upon the application of counsel, or upon his own motion, send any question upon which he prefers the judgment of a jury to that tribunal. If the judge may decline to send any question to the jury, it is absurd to say that an appeal may be taken from his order settling the issue which he wants tried by a jury. If the party upon whom rests the obligation of supporting the issue which the judge frames, chooses to assume it to be immaterial, and not to appear upon the trial of it, then a verdict pro confesso upon that point passes against Mm, and the case returns to the equity side of the court, to be heard upon the pleadings, the verdict, and such evidence as may be taken upon the issues embraced within the pleadings which the judge did not send to the jury. If the issue framed were immaterial, of course the party allowing it to go by default could not be prejudiced, for all the material issues would have to be tried by the judge. The party against whom what appears to be an immaterial issue is ordered, not being bound to try it, is therefore not prejudiced by it, and therefore he cannot appeal from the order on the ground that the judge refused to frame any other issues, because he has not the legal right to have any of the issues tried by a jury. That rests in the discretion of the court—is a mere question of practice—of the form in which the trial shall be conducted—does not affect the merits—and, therefore, is not appealable. The whole purpose of framing an- issue and ordering it to be tried by a jury, is, as I have said, to inform the conscience of the court, and the equity judge may regard or disregard the verdict—may order a new trial of that issue, or a trial of some entirely different one, if, and as often as he sees fit; or he may proceed to hear the whole case himself. The whole matter rests exclusively with him.
*155 As the appealability of the order was very pertinaciously argued, I should have felt called upon to cite authorities in support of the views I have expressed, were it not that the question is fully considered and the'positions I have taken sustained by the court of appeals in the case of Clark «. Brooks (2 Abb. Pr. N. S, 406, 407). Judge Hunt very concisely states the whole law upon this subject. Speaking of the issues framed, he says: “By the established practice those questions ^ might embrace the merits of the case generally, or they might be limited to any portion of it. Such a proceeding is not a trial of the action, but an examination of the particular questions submitted only. At a subsequent time the action itself must be brought on for trial, when these preliminary proceedings are submitted to the court as a part of the proceedings in the case. An award of a feigned issue under the former practice in chancery, or the framing of issues, as now practised, is a proceeding simply to inform the conscience and judgment of the court before which the trial is had. The court to which the result is .presented on the trial of the action is authorized to bestow upon it just that degree of attention to which it is entitled. It may rely upon it' as satisfactory and conclusive. It may accept it in part, rejecting the other parts. It may discard it entirely (Lansing v. Russell, 2 N. Y. [2 Comst], 563 ; Candee v. Lord, Id., 269). An award of issues is a matter of practice, and may be granted or refused in the discretion of the court.” This exhausts the law upon this subject, and shows that the order below is not reviewable. The learned counsel for the plaintiff failed to cite a single authority in support of the contrary view; and, indeed, the point is so plain that I should not have written so much about it, except in deference to the earnestness which characterized his argument. This disposes of the appeal, but I wish to add a few remarks explanatory of the views which governed me in settling the issues, which I still think are • correctly framed. The complaint in this case charges a fraudulent bargain between Mr. Wood on the one side, and “the person then being mayor of the city, *156 and divers persons then being members of the common council,” on the other. This is plainly what the pleader meant to, and did, charge. I said enough at special term to show the impropriety of sending to a jury a question which involved an inquiry of so indefinite a charge as that the agreement was made with “divers persons being members of the common council.” If the plaintiff knows. who the divers corrupt members were, he could and should have specified them„or he cannot have an issue framed to send to a jury. But if his allegation be true, that the then mayor, who, with sufficient. definiteness, is pointed out by the averments of the complaint, was a party to the alleged corrupt agreement, thén tide trial of an issue as to whether such corrupt agreement was made between the then mayor and Mr. Wood, would be all sufficient. If ' that were established, whether there were other parties to it or not would be immaterial. That was a plain, simple issue, not liable, from indefiniteness and generality, to mislead or confuse a jury. That issue was made, and that issue therefore I framed, because, had my “conscience” been satisfied, by the evidence and the verdict of a jury, that it was true, I could have disregarded any other charge of fraud, and on the other’hand, if that issue were decided adversely to the city, I thought, and still think, that in view of the general nature of the other allegations, justice demanded that the rest of the case should be tried before a single 'justice at special term, where, except for some good reason, the law contemplates that equity cases shall be tried. In any view, I think the order below was just, discreet and right, and if it were appealable, should be affirmed ; but as it is not reviewable, according to long existing and well settled practice,
I am in favor of dismissing the appeal.
Barnard, P. J., concurred.